IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | 1:03cr462(JCC) |
| MARLON BRADFORD SUMMERVILLE, | ) | |
| | ) | |
| Defendant. | ) | |

**M E M O R A N D U M   O P I N I O N**

This matter comes before the Court on Defendant's
Motion to Modify Judgment Order pursuant to Rule 36 of the
Federal Rules of Criminal Procedure.  For the following reasons,
the Court will grant Defendant's Motion in part and deny it in
part.

## I.  Background

Defendant, Marlon Bradford Summerville, was indicted on
charges of conspiracy to knowingly and intentionally distribute
and possess with the intent to distribute fifty (50) grams or
more of a substance containing a detectable amount of cocaine
base, commonly known as crack cocaine, in violation of 21 U.S.C.
§ 841(a)(1).  On June 30, 2004, at the conclusion of a three-day
trial, a jury found Defendant guilty of the possession and
distribution charges.  In the special verdict form, the jury
found that Defendant conspired to distribute less than five (5)
grams of crack cocaine and that he did so within one thousand
feet of a school in violation of 21 U.S.C. § 860(a).

On September 10, 2004, this Court held Defendant's sentencing hearing and entered a Judgment in a Criminal Case that reflected a conviction for conspiracy to distribute and possess with the intent to distribute fifty (50) grams or more of crack cocaine and to distribute crack cocaine within one thousand feet of a school.  The Judgment also reflected a sentence of one-hundred ten (110) months imprisonment.  This sentence was in accordance with the then-mandatory United States Sentencing Guidelines.  At the sentencing hearing, the Court orally provided for an alternate sentence of eighty-four (84) months imprisonment in the event that the Supreme Court subsequently invalidated the Sentencing Guidelines.  This alternate sentence was also reflected on the Court's docket report but was not listed in the Judgment itself.

Following the Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738 (2005), Defendant filed the present Motion to modify the September 10, 2004 Judgment pursuant to Rule 36 of the Federal Rules of Criminal Procedure.  Defendant requests that the Judgment be modified to impose the alternate sentence of eighty-four months announced in open court.  Defendant also requests modification to reflect the jury's determination that the amount of crack cocaine involved was less than five grams.

## II.  Standard of Review

The Federal Rules of Criminal Procedure provide that "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36.  Where a conflict is present between a written order of sentence and an oral sentenced declared in open court, the latter is controlling, and the appropriate remedy is for the Court to correct the written judgment so that it conforms with the Court's oral pronouncements. *See United States v. Morse*, 344 F.2d 27, 30-31 (4th Cir. 1965).

## III.  Analysis

The Court will first consider Defendant's request to correct the portion of the September 10, 2004 Judgment regarding Defendant's offense.  At Defendant's sentencing hearing, the Court adopted the jury's findings as to the amount of crack cocaine involved in Defendant's offense.  (Tr. of Sentencing and Motion Proceedings, Sept. 10, 2004, at 24.)  The jury found that Defendant conspired to distribute less than five grams of crack cocaine.  Modification of the Judgment is therefore appropriate to reflect this amount, and the government does not object to such.  The Court will therefore order that its September 10, 2004 Judgment be corrected to reflect that Defendant conspired to

-3-

distribute and to possess with intent to distribute less than five (5) grams of crack cocaine.[1]

The Court will next address Defendant's request to correct the judgment to impose the alternate sentence of eighty-four months announced in open court at Defendant's September 10, 2004 sentencing proceeding.  At the time it announced this alternate sentence, the Court provided that it would only apply "were the Supreme Court to invalidate these guidelines."  (Tr. of Sentencing and Motion Proceedings, Sept. 10, 2004, at 29.)  In the Court's opinion, this condition precedent has never occurred.

In *Booker*, the Supreme Court held that the mandatory imposition of enhanced sentences under the Sentencing Guidelines violated the Sixth Amendment.  125 S. Ct. at 755-56.  In light of this Sixth Amendment violation, the Supreme Court severed and excised 18 U.S.C. § 3553(b)(1), which had the effect of making the Guidelines mandatory, and 18 U.S.C. § 3742(e), which depended upon the Guidelines' mandatory nature.  *Booker*, 125 S. Ct. at 756-57.  As a result, the Sentencing Guidelines are now advisory, but sentencing courts continue to be required to consider the ranges recommended by the Guidelines.  *See id.* at 757.  This reality does not comport with the Court's understanding of the term "invalidate."  *See* Oxford English Dictionary, Vol. VIII, at

---

[1]This correction does not require modification of Defendant's sentence, as the Court sentenced Defendant using a base offense level of 24, the level recommended for offenses involving at least four grams but less than five grams of cocaine base.  *See* U.S.S.G. § 2D1.1(c)(8).

36 (2d ed. 1989) ("Invalidate" - To render invalid; to destroy the validity or strength of; to render of no force or effect; esp. to deprive of legal efficacy; to make null and void."); Black's Law Dictionary 843 (8th ed. 2004) ("Invalid" - "Not legally binding."). In *Booker*, the Supreme Court did not deprive the Sentencing Guidelines of legal efficacy. Because the Guidelines remain in use after *Booker* and indeed are required to be considered, the Court cannot say that the condition precedent to its alternate sentence was met.

Furthermore, imposition of an alternate sentence is inappropriate where the alternate sentence did not contemplate the *Booker* Court's remedial decision. In *United States v. Penniegraft*, 357 F. Supp. 2d 854 (M.D.N.C. 2005), the court considered a motion for resentencing filed pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure. The defendants in that case, like the case at bar, moved the court to impose alternate sentences that the court had announced before *Booker*. *Id.* at 856. The court held that resentencing was inappropriate due to the pendency of the defendants' appeals. *Id.* The court also noted that it would not, upon remand, consider the alternate sentences because they were inconsistent with the *Booker* remedy. *Id.* at 856-57. *See also United States v. Porter*, 417 F.3d 914, 917 (8th Cir. 2005) ("We cannot say that the court contemplated an advisory guidelines system under which it was required to

-5-

consider the advisory guideline range as one factor among others listed in 18 U.S.C. § 3553(a).").

Similarly, in this case, the Court's alternate sentence did not anticipate the *Booker* Court's remedial decision.

> Consistent with the remedial scheme set forth in *Booker*, a district court shall first calculate (after making the appropriate findings of fact) the range prescribed by the guidelines. Then the court shall consider that range as well as other relevant factors set forth in § 3553(a) before imposing the sentence.

*United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005).  At the time of announcing the alternate sentence, the Court designated it as "the non-Guideline sentence."  (Tr. of Sentencing and Motion Proceedings, Sept. 10, 2004, at 29.)  The sentence was therefore inconsistent with the *Booker* remedy insofar as a sentencing court must still consider the range prescribed by the Sentencing Guidelines.  Moreover, there is no indication in the record that the Court at that time considered the sentencing factors set forth in § 3553(a).  As the Court did not reach its alternate sentence in accordance with *Booker* and *Hughes*, it would be inappropriate to modify the Court's Judgment to impose that sentence.

## IV.   Conclusion

For the foregoing reasons, the Court will grant in part and deny in part Defendant's Motion to Modify Judgment Order.  An appropriate Order shall issue.


February 14, 2006                    _____/s/_____
Alexandria, Virginia                        James C. Cacheris
                                     UNITED STATES DISTRICT COURT JUDGE